**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Terance Terrail RAYMO, Defendant–**
**Appellant.**

No. 03–41194
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 20, 2004.

92

David Haskell Henderson, Jr., Assistant US Attorney, US Attorney's Office, Beaumont, TX, for Plaintiff–Appellee.

Amy R. Blalock, Denise S. Benson, Assistant Federal Public Defender, Federal Public Defender's Office, Tyler, TX, for Defendant–Appellant.

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Terance Terrail Raymo appeals his guilty plea conviction and sentence for possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). He argues that the district court clearly erred in overruling his objection to the presentence report's drug-quantity calculation and including the 10.72 grams of cocaine base recovered on August 8, 2002, as relevant conduct under U.S.S.G. § 1B1.3(a)(2). Raymo also argues that the quantity of the cocaine base (10.72 grams) is insufficient as a matter of law to create an inference of intent to distribute.

Raymo has not demonstrated that the district court clearly erred in including the 10.72 grams of cocaine base as relevant conduct. This offense was sufficiently similar and in close temporal proximity to the offense of conviction to reasonably suggest that it constituted the same course of conduct. See United States v. Bethley, 973 F.2d 396, 401 (5th Cir.1992); United States v. Ocana, 204 F.3d 585, 589–90 (5th Cir. 2000). Further, Raymo has not demonstrated that the district court clearly erred in finding that he possessed the 10.72 grams of cocaine base for distribution purposes rather than for personal consumption. See United States v. Buck, 324 F.3d

786, 796 (5th Cir.2003); United States v. Kates, 174 F.3d 580, 582–83 (5th Cir.1999).

Therefore, the district court's judgment is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.